UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL A. THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JEUNG,<br><br>        Defendant. | Case No. 20-cv-04241-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 6 |

Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed *in forma pauperis* (dkt. 7) and he has consented to the jurisdiction of a Magistrate Judge (dkt. 5).

**DISCUSSION**

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] It is not clear if Plaintiff is a pretrial detainee or a convicted prisoner.

1   claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement
2   need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it
3   rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state
4   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
5   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and
6   a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must
7   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
8   550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a
9   claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has
10  recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can
11  provide the framework of a complaint, they must be supported by factual allegations. When there
12  are well-pleaded factual allegations, a court should assume their veracity and then determine
13  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679
14  (2009).

15  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
16  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
17  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
18  487 U.S. 42, 48 (1988).

19  **Legal Claims**

20  Plaintiff alleges that defendant sexually harassed him, retaliated against him for his
21  protected conduct and initiated an assault against him by another inmate.

22  Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment
23  violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary
24  judgment dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner
25  in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore
26  must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in
27  order to state a claim under the Eighth Amendment. *See, e.g.*, *Jordan v. Gardner*, 986 F.2d 1521,
28  1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male guards to conduct body searches

on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Sexual harassment and unwanted sexual contact may violate the Fourteenth Amendment's substantive due process right to be free from violations of bodily integrity. *See Vazquez v. County of Kern*, Nos. 18-15060 & 15671, slip op. 1, 13-15 (9th Cir. Jan. 31, 2020) (analyzing claim by ward against officials at county juvenile hall). "The threshold question is 'whether the behavior of the governmental official is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id*. (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)) (finding that adult male officer's referring to female juvenile ward as "babe," touching of her face and shoulders, talking about her appearance in her shower gown, telling her that he had seen her in the shower and that she should leave her boyfriend for him, describing a sexual dream he had about her that he wanted to come true, and telling her to stand between his opened knees, if true was sufficiently egregious to violate the Fourteenth Amendment).

The right of a pretrial detainee or juvenile ward to be free from punishment under the Fourteenth Amendment may also be violated by sexual harassment or unwanted sexual contact. *Vazquez*, slip op. at 16-17. The question is whether such conduct amounts to "punishment." *Id*. To constitute punishment, the conduct "must either significantly exceed, or be independent of, the inherent discomforts of confinement" and have purpose of punishment rather than a legitimate governmental interest. *Id*. at 16 (internal quotations omitted) (citing *Denmery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (finding juvenile hall guard's sexual harassment met test for punishment and violated the Fourteenth Amendment).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); a*ccord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under §

3

1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Castro*, 833 F.3d at 1068.

In the context of claims for failure to protect, the standard under the Eighth Amendment to prove deliberate indifference is different than the standard to prove deliberate indifference under the Fourteenth Amendment. Whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. *Castro*, 833 F.3d at 1068-70 (holding that objective standard of *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Id*. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id*. at 1071.

In the brief complaint, Plaintiff alleges that Defendant has repeatedly sexually harassed him, and after Plaintiff filed a grievance, defendant opened his cell door and another inmate attacked Plaintiff and he suffered serious injuries. While Plaintiff has set forth the essential

4

elements of some of his claims, the complaint is due to be dismissed with leave to amend to provide more information. He must provide more details and factual allegations that plausibly give rise to an entitlement to relief. See *Iqbal*, 556 U.S. at 679. With respect to the sexual harassment allegations, Plaintiff must provide more information in light of the legal standards set forth above. He must also describe his injuries from the assault and must indicate if he is a pretrial detainee or a convicted prisoner.

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex; thus, the circumstances are not exceptional, and the court will not appoint counsel.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Appoint Counsel (dkt. 6) is **DENIED**. Additionally, the complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

1    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
2  informed of any change of address by filing a separate paper with the clerk headed "Notice of
3  Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so
4  may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
5  Procedure 41(b).

6    **IT IS SO ORDERED.**

7  Dated: August 18, 2020

ROBERT M. ILLMAN
United States Magistrate Judge