1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL A. THOMPSON, | Case No.  20-cv-04241-RMI |
| Plaintiff, | |
| v. | **ORDER FOR SERVICE** |
| JEUNG, | |
| Defendant. | |

Plaintiff, a detainee, proceeds with a *pro se* civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has since filed an amended complaint (dkt. 10).

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or from an employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint "does

1    not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his

2    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

3    elements of a cause of action will not do . . . [instead] [f]actual allegations must be enough to raise

4    a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

5    (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is

6    plausible on its face." *Id*. at 570. The Supreme Court has described the "plausible on its face"

7    standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a

8    complaint, they must be supported by factual allegations . . . [and for] well-pleaded factual

9    allegations, a court should assume their veracity and then determine whether they plausibly give

10   rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

11        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

12   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

13   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

14   487 U.S. 42, 48 (1988).

## DISCUSSION

16        Plaintiff alleges that defendant sexually harassed him, retaliated against him for his

17   protected conduct and initiated an assault against him by another inmate.[1]

18        Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment

19   violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary

20   judgment dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner

21   in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore

22   must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in

23   order to state a claim under the Eighth Amendment. *See e.g.*, *Jordan v. Gardner*, 986 F.2d 1521,

24   1525-31 (9th Cir. 1993) (*en banc*) (prison policy requiring male guards to conduct body searches

25   on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional

26   officer sexually harassed two inmates on almost daily basis for two months by conducting

27

28

---

[1] It is not clear if Plaintiff is a detainee or a prisoner.

1    deliberate examination of genitalia and anus).

2         Sexual harassment and unwanted sexual contact may violate the Fourteenth Amendment's

3    substantive due process right to be free from violations of bodily integrity. *See Vazquez v. County*

4    *of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020) (analyzing claim by ward against officials at county

5    juvenile hall). "The threshold question is 'whether the behavior of the governmental official is so

6    egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id*.

7    (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)) (finding that adult male

8    officer's referring to female juvenile ward as "babe," touching of her face and shoulders, talking

9    about her appearance in her shower gown, telling her that he had seen her in the shower and that

10   she should leave her boyfriend for him, describing a sexual dream he had about her that he wanted

11   to come true, and telling her to stand between his opened knees, if true, was sufficiently egregious

12   to violate the Fourteenth Amendment).

13        The right of a pretrial detainee or to be free from punishment under the Fourteenth

14   Amendment may also be violated by sexual harassment or unwanted sexual contact. *Vazquez*, 949

15   F.3d at 1163. The question is whether such conduct amounts to "punishment." *Id*. To constitute

16   punishment, the conduct "must either significantly exceed, or be independent of, the inherent

17   discomforts of confinement" and have purpose of punishment rather than a legitimate

18   governmental interest. *Id*. (internal quotations omitted) (citing *Denmery v. Arpaio*, 378 F.3d 1020,

19   1029 (9th Cir. 2004) (finding juvenile hall guard's sexual harassment met test for punishment and

20   violated the Fourteenth Amendment).

21        "Within the prison context, a viable claim of First Amendment retaliation entails five basic

22   elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

23   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

24   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

25   correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted);

26   a*ccord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under §

27   1983 for retaliation must allege that he was retaliated against for exercising his constitutional

28   rights and that the retaliatory action did not advance legitimate penological goals, such as

United States District Court
Northern District of California

3

preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Inmates who sue prison officials for damages from injuries suffered while in custody may do so under the Eighth Amendment or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (*en banc*). But under both provisions, the inmate must show that the prison official acted with deliberate indifference. *Castro*, 833 F.3d at 1068.

In the context of claims for failure to protect, the standard under the Eighth Amendment to prove deliberate indifference is different than the standard to prove deliberate indifference under the Fourteenth Amendment. Whereas a *convicted prisoner* must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a *pretrial detainee* need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. *Castro*, 833 F.3d at 1068-70 (holding that the objective standard of *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Castro*, 833 F.3d at 1070. A pretrial detainee who asserts a due process claim for failure to protect, however, must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id*. at 1071.

In the operative complaint, Plaintiff alleges that Defendant Deputy Jeung repeatedly sexually harassed him, and after Plaintiff filed a grievance, Defendant opened his cell door in retaliation and another inmate attacked Plaintiff resulting in injuries. Liberally construed, Plaintiff may proceed with these claims against Deputy Jeung.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

**CONCLUSION**

The Clerk shall **ISSUE** a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (dkt. 10) with attachments, a Magistrate Judge jurisdiction consent form, and a copy of this order on San Francisco Sheriff's Deputy Jeung #2264 at the San Francisco County Jail #5 in San Bruno.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **sixty days** from the date of service, if appropriate, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date that the summary judgment motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement). Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **thirty days** from the date the motion was served upon him. Additionally, Plaintiff must read the attached page with the header, "NOTICE – WARNING," which will be provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Likewise, if Defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page with the header, "NOTICE – WARNING (EXHAUSTION)," which shall be provided to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

1    If Defendant wishes to file a reply brief, Defendant shall do so no later than **fifteen days**

2 after the opposition is served. The motion shall be deemed submitted as of the date the reply brief

3 is due. No hearing will be held on the motion unless the Court so orders at a later date.

4    All communications by Plaintiff with the Court must be served on Defendant, or

5 Defendant's counsel once counsel has been designated, by mailing a true copy of the document to

6 Defendant or Defendant's counsel. Discovery may be taken in accordance with the Federal Rules

7 of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is

8 required before the parties may conduct discovery. Finally, it is Plaintiff's responsibility to

9 prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a

10 separate paper with the clerk with the header, "Notice of Change of Address." Plaintiff must also

11 comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of

12 this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13    **IT IS SO ORDERED.**

14 Dated: January 14, 2021

15

16

17 ROBERT M. ILLMAN
United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California